**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| G4S SECURE SOLUTIONS USA, INC. | |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Christine Ross. As alleged with greater particularity in paragraph 13 below, the Commission alleges that Defendant, G4S Secure Solutions USA, Inc. violated the Americans with Disabilities Act by denying Ross a reasonable accommodation and terminating her because of her disability.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

§ 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant, G4S Secure Solutions USA, Inc. (the "Employer"), has continuously been a corporation doing business in the State of Michigan and the City of Warren and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Christine Ross filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On May 12, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On August 9, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13.  In May 2015 and continuing through August 2015, Defendant Employer engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

    a. Ross is an individual with a disability. Ross has mixed connective tissue disorder and lupus. These conditions affect her immunological function.

    b.  On or about February 21, 2012, Ross completed paperwork for intermittent leave under the Family Medical Leave Act (FMLA). Defendant approved Ross's request. Ross submitted re-certification paperwork on an annual basis thereafter.

    c.  In May 2015, Defendant removed Ross from her seated-security officer position and placed her in a foot-patrol position.

    d. Ross tried to work in the foot-patrol position, but she had difficulty working in the foot-patrol position because of her medical condition.

    e. Ross asked to return to her seated-security position. Instead of letting her return to her seated-security position, Defendant suspended her on or about May 29, 2015, and then discharged her on or about June 25, 2015.

    f. Defendant violated the ADA by denying Ross a reasonable accommodation and discharging her.

14. The unlawful employment practices complained of in paragraph 13 above were intentional.

15. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Ross.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to provide a reasonable accommodation to qualified employees with disabilities.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging qualified individuals with disabilities.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Ross whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices, including but not limited to reinstatement and front pay.

  D. Order Defendant Employer to make whole Ross by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Ross by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Ross punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

           EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION

        KENNETH L. BIRD
        Regional Attorney

        OMAR WEAVER
        Supervisory Trial Attorney

Dated: September 29, 2017        s/ Nedra Campbell
        NEDRA D. CAMPBELL (P58768)
        Trial Attorney
        DETROIT FIELD OFFICE
        Patrick V. McNamara Federal Building
        477 Michigan Ave, Room 865
        Detroit, Michigan 48226
        (313) 226-3410
        nedra.campbell@eeoc.gov