UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Civil Action No. 17-CV-13195

HON. BERNARD A. FRIEDMAN

Plaintiff,

vs.

G4S SECURE SOLUTIONS USA, INC.,

Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on defendant G4S Secure Solutions USA, Inc.'s motion to dismiss [docket entry 7]. Plaintiff Equal Employment Opportunity Commission has responded and G4S has replied. Pursuant to LR. 7.1(f), the Court shall decide this motion without a hearing.

This is an EEOC enforcement action against G4S, in which the EEOC alleges that G4S violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. It alleges that in May 2015 G4S removed Christine Ross ("Ross") "from her seated security officer position and placed in her in a foot-patrol position." Compl. ¶¶ 13(a)–(e). Ross struggled with this new position because of her connective tissue disorder and lupus. *Id.* Due to her health complications, Ross asked to return to her seated-security position. *Id.* Instead of granting her request, one month later, G4S terminated her. *Id.*

Ross subsequently filed a disability discrimination charge with the EEOC. *Id.* ¶ 7. In May 2017, the EEOC issued G4S a Letter of Determination inviting G4S to participate in informal conciliation efforts. *Id.* ¶ 9. The parties failed to reach a conciliation agreement, *id.* ¶

1

11, so the EEOC filed suit in this Court seeking compensatory and punitive damages and injunctive relief for Ross.

G4S now moves to dismiss the complaint for three reasons: (1) the Court lacks subject matter jurisdiction because the EEOC did not attach its Charge of Discrimination to the complaint, (2) Ross's condition does not constitute a disability within the meaning of the ADA, and (3) the EEOC did not exhaust its administrative remedies.[1]

When deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Shane v. Bunzl Distrib. USA, Inc.*, 200 F. App'x 397, 401 (6th Cir. 2006).

*Subject Matter Jurisdiction.* The Court has subject matter jurisdiction. Under 28 U.S.C. § 1331, this Court has subject-matter jurisdiction over all civil actions arising under the laws of the United States, including EEOC enforcement actions. The EEOC alleges that it brings this action under 42 U.S.C. § 12117(a) to enforce the ADA. No authority supports defendant's proposition that the Court has subject matter jurisdiction only when the EEOC attaches its Charge of Discrimination to the complaint. The authority defendant cites on this point is inapplicable and unpersuasive.

*Ross's Disability Under the ADA.* The complaint, read in the light most favorable to the EEOC, sufficiently alleges that Ross was disabled within the meaning of the ADA. Under the ADA, an individual is disabled if she suffers from "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). A physical impairment is

---

[1] G4S's motion and brief repeatedly—and mistakenly—identify Ross as the plaintiff. The EEOC is the plaintiff, so the Court reads G4S's references to the "plaintiff" to mean the EEOC, not Ross.

2

> any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine[.]

*Bragdon v. Abbott*, 524 U.S. 624, 632 (1998) (quoting 45 C.F.R. § 84.3(j)(2)(i)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," and also include "the operation of a major bodily function [such as] the immune system." § 12102(2)(A)–(B).

In the instant case, the EEOC alleges that "Ross has a mixed connective tissue disorder and lupus," both of which are muskeoskeltal, neurological, and skin-related. These are physical impairments under 45 C.F.R. § 84.3(j)(2)(i). As the EEOC alleges that Ross's conditions interfered with her foot-patrol assignment, the Court can reasonably infer that they substantially limit her walking, which is a major life activity under § 12102(2)(A). The EEOC also alleges that Ross's conditions "affect her immunological function," a major bodily function under § 12102(2)(B). In sum, the EEOC sufficiently alleges plaintiff's disability under the ADA.

*Exhaustion of Administrative Remedies.* G4S argues that because Ross has not yet initiated arbitration proceedings, the EEOC has not exhausted its administrative remedies and may not pursue this enforcement action. The EEOC may pursue this action regardless of whether Ross pursues the arbitration required by her collective bargaining agreement. The Supreme Court rejected this precise argument in *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002), stating:

> No one asserts that the EEOC is a party to the contract, or that it agreed to arbitrate its claims. It goes without saying that a contract cannot bind a nonparty. Accordingly, [federal law does] not require the agency to relinquish its statutory authority if it has not agreed to do so.

3

*See also Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 368 (1977) (holding that "the EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties"). Indeed, nothing in the ADA or any Supreme Court case "suggest[s] that the existence of an arbitration agreement between private parties materially changes the EEOC's statutory function or the remedies that are otherwise available." *Waffle House*, 534 U.S. at 288. In other words, EEOC enforcement actions are not foreclosed by a complainant's failure to arbitrate. *Id.* at 295–96.

That *Waffle House* involved the Federal Arbitration Act ("FAA") while the instant case involves the Labor Management Relations Act is a distinction without a difference. *Waffle House* sought to avoid undermining the "detailed [ADA] enforcement scheme created by Congress simply to give greater effect to an agreement between private parties that does not even contemplate" the EEOC's "statutory function." *Id.* The same risk is present here.

G4S raises several new arguments in its reply brief about preemption and whether the EEOC sufficiently alleges a *prima facie* ADA case. "[R]eply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. . . . As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived." *See Scottsdale Ins. Co. v. Kathleen Burke*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed. Cir. 2002)) (alterations and emphasis in original). Thus, the Court will not consider those arguments.

Accordingly,

IT IS ORDERED that defendant G4S's motion to dismiss is denied.


Dated: December 18, 2017       s/Bernard A. Friedman
    Detroit, Michigan      BERNARD A. FRIEDMAN
                                               SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2017.

                s/Johnetta M. Curry-Williams
                Case Manager